<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| STEPHEN PENDER, | : | **Civil Action No. 19-16289 (SRC)** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Stephen Pender ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning December 1, 2013. A hearing was held before ALJ Daniel N. Shellhamer (the "ALJ") on December 18, 2017, and the ALJ issued an unfavorable decision on September 10, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of September 10, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but the Court need only reach the one that succeeds: at step four, the ALJ overlooked evidence of two exertional functional limitations.

Plaintiff contends that, at step four, the ALJ placed great weight on the opinions of the state agency reviewing physicians, but mischaracterized their findings.  Although the ALJ acknowledged that Plaintiff lost two toes from amputation after an injury to the left foot, and that an MRI revealed a cartilage tear in the shoulder, the ALJ stated his analysis of the evidence of all physical limitations in a single sentence: "a restriction to the light exertional level would accommodate the claimant's physical conditions as it entails a lift/carry restriction of 20 pounds and walking no more than six hours in a workday."  (Tr. 28.)  The ALJ did not cite any medical opinions which supported this conclusion.  Later in the decision, the ALJ stated that the state agency reviewers had found that Plaintiff could work "at a reduced range of the light exertional level" and that he gave these opinions great weight.  (Tr. 28.)

2

There are two significant problems here. First, the ALJ failed to explain clearly the basis for the assessment of physical limitations to the residual functional capacity. The decision does not explain how the ALJ arrived at the determination that a restriction to the light exertional level adequately reflects all of Plaintiff's physical limitations. Nonetheless, the decision indicates that the ALJ relied substantially on the opinions of the state agency reviewing physicians.

The second problem is that the ALJ's statements about what the state agency reviewing physicians found did not adequately express those findings. As just quoted, the ALJ stated that the state agency reviewers had found that Plaintiff could work "at a reduced range of the light exertional level." (Tr. 28.) The phrasing does not adequately capture what the state agency reviewers of Plaintiff's physical limitations, Drs. Goldbas and Chopra, actually found. As Plaintiff contends, in the report dated February 19, 2015, Dr. Goldbas wrote that Plaintiff can occasionally lift 20 pounds, frequently lift ten pounds, stand for about 3 hours, sit for about 6 hours in an 8-hour workday, has no other limitation to the ability to push and pull, with a manipulative limitation to left overhead reaching. (Tr. 85-87.) In the report dated July 9, 2015, Dr. Chopra wrote that Plaintiff can occasionally lift 20 pounds, frequently lift ten pounds, stand and sit for about 6 hours each in an 8-hour workday, and the ability to push and pull is limited in the upper left extremity, with a manipulative limitation to left overhead reaching. (Tr. 101-02.) Thus, the ALJ's summary statement of what the reviewers found does not adequately express the limitations that they found. While the reviewers disagreed about the abilities to stand, push, and pull, they both found a manipulative limitation to left overhead reaching. The ALJ overlooked this evidence. The decision contains no discussion of the issue of manipulative limitations, and the RFC does not contain any manipulative limitation.

3

The Commissioner's opposition brief fails to address Plaintiff's argument about the details of the findings of the state agency reviewing physicians.  The Commissioner neither addressed nor opposed Plaintiff's arguments that the ALJ erred at step four in this regard.

The Court finds that Plaintiff has identified an error which is likely to have materially prejudiced him.  Because the ALJ did not address the physical limitations found by the state agency reviewing physicians, the RFC formulation is not valid.  At step five, the hypothetical presented to the vocational expert, drawn from the RFC, is not valid.  Because the hypothetical was not valid, the vocational expert's testimony does not constitute substantial evidence that Plaintiff can perform the cited jobs.  The Commissioner's decision is not supported by substantial evidence.

Plaintiff has persuaded this Court that the ALJ erred in his decision, and that the error was material and prejudicial.  The Commissioner did not oppose Plaintiff's arguments on these points.  This Court finds that the Commissioner's decision is not supported by substantial evidence, and is vacated and remanded for further proceedings in accordance with this Opinion.

       s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: August 20, 2020